# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-3803 PA (PVCx) | Date | June 15, 2021 |
|---|---|---|---|
| Title | Daniel Renovato, et al. v. FCA US LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

    Defendant FCA US LLC ("Removing Defendant") filed a Notice of Removal on May 5, 2021. Removing Defendant asserted in the Notice of Removal that the Court has jurisdiction over this action, brought by plaintiffs Daniel Renovato and Daniella Padilla ("Plaintiffs"), based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. On June 3, 2021, the Court ordered Removing Defendant to show cause why this action should not be remanded to Los Angeles Superior Court as a result of a potential procedural defect in the Notice of Removal. Specifically, the Notice of Removal did not appear to be timely under § 1446(c)(1) because the action, which was filed on July 31, 2019, and served on Removing Defendant that same day, was removed more than one year after it was commenced. Plaintiffs have not waived the apparent procedural defect despite the Court having given them an opportunity to do so. Indeed, Plaintiffs have filed a Motion to Remand that asserts, in part, that the Notice of Removal is procedurally defective for the same reason identified in the Court's Order to Show Cause.

    In its Response to the Order to Show Cause, Removing Defendant contends that the one-year limit on diversity removals for those actions that were not initially removable does not apply because Plaintiffs' inclusion of non-diverse defendant Glenn E. Thomas Dodge Chrysler Jeep was done in bad faith to prevent Removing Defendant from removing the action. Although the one-year limit does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," 28 U.S.C. § 1446(c)(1), Removing Defendant did not contend in its Notice of Removal that Plaintiffs engaged in the type of bad faith necessary to qualify for that exception to § 1446(c)(1)'s one-year limit on removals.

    "The Ninth Circuit has not addressed the standard to be applied to meet the bad faith requirement of the amendment to Section 1446 nor has it recognized any equitable exceptions to section 1446(c)(1) . . . . While it is unclear what standard would be used in this context, the requirement that a party acts in bad faith sets a high threshold." NKD Diversified Electronics, Inc. v. First Mercury Ins. Co., No. 1:14-CV-00183-AWI-SAB, 2014 WL 1671659, at *3 (N.D.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-3803 PA (PVCx) | Date | June 15, 2021 |
|---|---|---|---|
| Title | Daniel Renovato, et al. v. FCA US LLC | | |

Cal. Apr. 28, 2014) (internal citations omitted).  In other circumstances, the Ninth Circuit has said that "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'  A party also demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'"  Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (citations omitted).  As the removing party, the defendant bears the burden of demonstrating that the plaintiff has acted in bad faith.  NKD Diversified Electronics, Inc., 2014 WL 1671659, at *3.

There are many reasons why a plaintiff might prefer that an action proceed in state rather than federal court.  Courts must therefore distinguish between legitimate tactics that a plaintiff might employ to defeat or complicate the removal of an action from state court from those involving "bad faith."  Therefore, to satisfy § 1446(c)(1)'s "bad faith" standard, a defendant must ordinarily include evidence that "the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court."  Ehrenreich v. Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1317-18 (9th Cir. 1998) (discussing the practice of courts construing the former version of the applicable provisions of § 1446 and using "equitable estoppel doctrines to permit removal . . . after one year has passed . . . to ameliorate the fact that . . . a plaintiff need only file an action in state court and then wait one year before service, if he wishes to deprive the defendant of the ability to remove under any circumstances.").

That Plaintiffs may not have vigorously prosecuted their claims against Glenn E. Thomas Dodge Chrysler Jeep while the action was pending in Los Angeles Superior Court, dismissed their claims against the dealership six months after the Los Angeles Superior Court had granted the dealerships Motion to Compel Arbitration and staying the case, and that Plaintiffs' counsel has named non-diverse dealerships as defendants in other actions on behalf of other plaintiffs does not satisfy the "high threshold" for Removing Defendant to meet its burden to establish the "bad faith" necessary to qualify for the exception to § 1446(c)(1)'s one-year limit on removals. Plaintiffs could have, for instance, legitimately decided to forego fighting a two-front battle against the non-diverse dealership in arbitration and a delayed action against Removing Defendant once the stay was lifted for a case that has been pending for nearly two years.  Indeed, because Removing Defendant has not established that Plaintiffs fraudulently joined Glenn E. Thomas Dodge Chrysler Jeep, and Plaintiffs opposed the dealership's Motion to Compel Arbitration, the Court cannot conclude that Plaintiffs "acted in bad faith in order to prevent a defendant from removing the action" or that Plaintiffs did not actively litigate their claims against the dealership.  28 U.S.C. § 1446(c)(1); see also Ehrenreich v. Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) ("[I]t is far from clear that the 'bad faith' and 'fraudulent joinder'

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3803 PA (PVCx) | Date | June 15, 2021 |
|---|---|---|---|
| Title | Daniel Renovato, et al. v. FCA US LLC | | |

standards are one and the same . . . ."); id. ("The 'bad faith' exception under § 1446 governs the timing of removal.").

    For all of the foregoing reasons, the Court concludes that Removing Defendants' Notice of Removal was procedurally defective because it was untimely under 28 U.S.C. § 1446(c)(1) and Removing Defendant has not satisfied its burden to establish that Plaintiffs acted in bad faith to prevent a timely removal of the action. The Court therefore remands the action to Los Angeles Superior Court, Case No. 19STCV26936. Plaintiffs' Motion to Remand (Docket No. 13) is denied as moot.

    IT IS SO ORDERED.